IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE VINCE'S DEVELOPMENT COMPANY, LLC <br><br> Plaintiff, <br><br> v. <br><br> PIZZETTA PIZZA, INC., VINCENT RANDAZZO, AND ANTHONY RANDAZZO <br><br> Defendants. | CIVIL ACTION NO. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

The Vince's Development Company, LLC ("Plaintiff") by and through its counsel, Design IP, P.C., allege the following:

## PARTIES

1. Plaintiff The Vince's Development Company, LLC is a Commonwealth of Pennsylvania limited liability company with its principal place of business at 1275 Glenlivet Drive, Suite 100, Allentown, Pennsylvania 18106.

2. On information and belief, Defendant Pizzetta Pizza, Inc. ("Pizzetta") is a Commonwealth of Pennsylvania corporation with its principal place of business at 1004 Brookfield Circle, Quakertown, Pennsylvania 18951.

3. On information and belief, Defendant Vincent Randazzo is an individual with an address of 1004 Brookfield Circle, Quakertown, Pennsylvania 18951.

4. On information and belief, Defendant Anthony Randazzo is an individual with an address of 18 Naylor Court, Quakertown, Pennsylvania 18951.

5.  On information and belief, Anthony Randazzo and Vincent Randazzo are the owners of Pizzetta Pizza, Inc.

6.  Anthony Randazzo, Vincent Randazzo and Pizzetta Pizza, Inc. are collectively referred to herein as "the Defendants."

## JURISDICTION AND VENUE

7.  This action arises under the Lanham Act, 15 U.S.C. §§ 1114, 1121, and 1125(a). This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as under pendant jurisdiction of state law claims.

8.  This Court has specific and general personal jurisdiction over the parties because the Plaintiff and Defendants conduct business in the Eastern District of Pennsylvania.

9.  Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because all Defendants reside in the District and because Defendants' unlawful conduct occurred within the District.

## NATURE OF THE CASE

10. Plaintiff seeks injunctive relief against all Defendants for: service mark infringement, for their false designation of origin and false advertising under 15 U.S.C. § 1125(a); common law palming off, trademark and trade name infringement, and unfair competition.

## FACTUAL ALLEGATIONS

11.  From 1957 until December 1, 2015, Plaintiff operated as a sole proprietorship owned by Vincent D. Cocca. On December 1, 2015, Plaintiff was incorporated as a limited liability company with the Pennsylvania Department of State.

12. Plaintiff's majority owner is Vincent D. Cocca, a resident of Allentown, Pennsylvania.

13. Plaintiff has remained a registered limited liability company, in good standing, with the Pennsylvania Corporations Bureau since its date of formation.

14. Plaintiff is the successor to the sole proprietorship of Vincent D. Cocca and is the owner of all trademark rights associated with the sole proprietorship.

15. Since at least as early as 1957, Plaintiff has continuously provided food services in the Lehigh Valley using the trade names Vince's and Vince's Cheesesteaks as service marks.

16. Since 2015, Plaintiff has used the logo  as a service mark for food services.

17. "Vince's," "Vince's Cheesesteaks" and  are referred to collectively herein as the "VDC MARKS."

18. Plaintiff is also the owner of U.S. Trademark Registration No. 6,945,693 (the '693 Registration) for the mark VINCE'S ("VINCE'S registered mark") for services including "providing of food and drink via a mobile truck." The '693 Registration issued on January 10, 2023, and claims dates of first use and first use in commerce of January 1, 1976. A copy of the registration certificate is attached as Exhibit A.

19. From 1957 until about 1969 Plaintiff operated a restaurant named Vince's near the intersection of 7th and Union Streets in Allentown, offering menu items including steaks, cheesesteaks, sausages, pizza, hot dogs and hamburgers.

3

20. From 1957 to the present, Plaintiff has expanded and diversified its businesses and built a reputation throughout the Lehigh Valley region for its operation of restaurants, food trucks and food concession stands using some or all of the VDC MARKS.

21. From the late 1960's until 1981, Plaintiff operated a restaurant named "Vince's Drive-in" on Walbert Avenue in Allentown, offering a menu that included steaks, cheesesteaks, hoagies, pizza, hamburgers, hot dogs, fried items and ice cream.

22. From about 1985 until about 1995, Plaintiff operated a restaurant named "Vince's Steak Shop" near the intersection of 15th and Allen streets in Allentown, offering a menu that included steaks, cheesesteaks, sausages, hoagies, hot dogs, hamburgers and fried items.

23. From about March 2008 until about September 2014, Plaintiff operated a restaurant named "Vince's Cheesesteaks, Pizza and Subs" on Mill Creek Road in Lower Macungie Township, offering a menu that included steaks, cheesesteaks, sausages, hoagies, pizza, hot dogs, hamburgers, pasta dishes, and fried items.

24. From about April 2016 until about May 2018, Plaintiff operated a restaurant named "Vince's Cheesesteaks" at 806 West Hamilton Street in Allentown, offering a menu that included steaks, cheesesteaks, hoagies, hot dogs, hamburgers and fried items.

25. Plaintiff began operating food trucks and concession stand trailers using some or all of the VDC MARKS for food services at the annual Great Allentown Fair in 1976 and has continued operating at the fair annually to the present.

26. Plaintiff has operated food trucks and concession stand trailers using some or all of the VDC MARKS for food services at the Bloomsburg Fair from 1976 to the present and at the Kutztown Fair from 1985 to the present.

27. Plaintiff's food trucks have been providing food services using some or all of the VDC marks from 1976 to the present at hundreds of public festivals and private events throughout the Lehigh Valley.

28. From 2017 until 2020, Plaintiff operated a food concession stand using the VDC MARKS at the PPL Center in downtown Allentown, offering a variety of cheesesteaks.

29. Plaintiff has received recognition for providing high-quality food services from regional organizations and publications including the Morning Call newspaper, Lehigh Valley Business magazine and the tourism website www.discoverlehighvalley.com.

30. Plaintiff has received numerous recognitions, awards and honors in the Lehigh Valley. A partial listing of recent honors is maintained on Plaintiff's website https://www.thecheesesteakplace.com/, a screenshot of which is attached as Exhibit B.

31. Plaintiff has invested substantial effort and resources over many decades to develop and promote the VDC MARKS for food services.

32. Since 1957, Plaintiff has extensively used some or all of the VDC MARKS to promote its food services in advertising campaigns throughout the Lehigh Valley.

33. As a result of its investments, advertising and its reputation for high-quality food services, Plaintiff has experienced sustained growth in its customer base and revenue since its inception, and it has maintained considerable customer loyalty, satisfaction and goodwill associated with the VDC MARKS.

34. On information and belief, Pizzetta registered the fictitious name "Vince's Pizza n Pub" with the Pennsylvania Department of State on or about April 19, 2021.

35. On information and belief, on or about April 19, 2021, Pizzetta began operating a food service establishment located at 191 W. Main Street Macungie PA 18062 using the name "Vince's Pizza n Pub."

36. On information and belief, Pizzetta uses and maintains the website http://vincespizzapub.com/ to promote its services using the "Vince's Pizza n Pub" mark. A screenshot of the website is attached as Exhibit "C". Pizzetta also promotes its food services on social media, e.g., Instagram and Facebook, using the "Vince's Pizza n Pub" name.

37. On information and belief, "Vince's Pizza n Pub" provides food services, offering a menu that includes pizza, steak sandwiches, cheesesteaks, hamburgers, calzones and fried items.

38. On information and belief, prior to about April 19, 2021, Pizzetta operated a food service establishment named "Pizzetta's" at the same premises, 191 W. Main Street Macungie PA 18062.

39. On information and belief, the Pizzetta's restaurant was closed by order of the PA Department of Agriculture during or prior to March 2021 due to health code violations. A copy of a health code inspection report dated March 19, 2021 is attached as Exhibit "D."

40. On information and belief, at some time between March 19, 2021, and April 19, 2021, the Defendants rebranded Pizzetta's restaurant at 191 W. Main Street in Macungie as Vince's Pizza and Pub and reopened the establishment.

41. On or about April 8, 2021, Plaintiff began observing instances of its customers confusing Defendant's Vince's Pizza n Pub restaurant in Macungie with Plaintiff's food services, including callers to Plaintiff's business phone line attempting to place food orders from Defendant's restaurant.

42. Plaintiff is aware that there are other users of the name Vince's in association with food services outside the Lehigh Valley, but is unaware of any instances of customers confusing the services of those users with Plaintiff's services.

43. Plaintiff became concerned about the actual confusion and expected continued confusion caused by the Defendants' entering the Lehigh Valley marketplace as "Vince's Pizza and Pub" and retained legal counsel to assist in resolving the confusion.

44. On or about May 26, 2021, Plaintiff's counsel sent a cease and desist letter to Vince's Pizza n Pub. A copy of the letter is attached as Exhibit "E." No response was received.

45. On or about July 14, 2021, Plaintiff's counsel sent a follow-up letter to the May 26, 2021 cease and desist letter. A copy of the letter is attached as Exhibit "F." No response was received.

46. On or about October 15, 2021, Plaintiff's counsel sent a follow-up letter to the May 26, 2021 and July 14, 2021 letters to Pizzetta, Inc.'s Quakertown address. A copy of the letter is attached as Exhibit "G."

47. On or about October 25, 2021, Plaintiff's counsel received a response from Pizzetta's counsel, DiMarino, Lehrer & Collazo, P.C. of Cherry Hill, New Jersey, requesting more time to consider the matter.

48. On or about November 12, 2021, Pizzetta's counsel proposed transitioning the name of "Vince's Pizza n Pub" to "Vincent's Pizza n Pub" as a means of resolving the confusion.

49. On or about December 20, 2021, Plaintiff, through its counsel, rejected the offer of a name change to "Vincent's Pizza n Pub" primarily because the names are too similar,

particularly when spoken, to avoid causing confusion.  Plaintiff again offered to resolve the matter amicably if Pizzetta's agreed to transition their restaurant to a more distinct name.

50. On or about January 19, 2022, Pizzetta's counsel contacted Plaintiff's counsel to request more time to respond to Plaintiff offer due to client's illness.

51. On or about January 26, 2022, Plaintiff's counsel received a communication from a new counsel representing Pizzetta's, indicating that Pizzetta's declined to transition to a new, more distinct, name to resolve this matter amicably.

52. In July 2023, Defendants ran a series of local radio ads promoting the "Vince's" name and boasting of having "the Lehigh Valley's best cheesesteak".

53. Defendants continue to use the name "Vince's Pizza n Pub" and have refused to cease and desist from infringing on Plaintiff's trademark rights.

54. Since the last communication with counsel for Defendants, Plaintiff has received notice of additional instances of consumer confusion regarding the origin of Defendants' food services.

## COUNT I

## INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK UNDER §32 OF THE LANHAM ACT (15 U.S.C. § 1114) – ALL DEFENDANTS

55. Plaintiff incorporates by reference the previous paragraphs of this complaint as if fully set forth herein. The acts of Defendants described above constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

56. Plaintiff owns valid and legally protectable rights in the VINCE'S registered mark.

57. Plaintiff's VINCE'S registered mark has been in continuous use for providing the services identified in the '693 Registration since at least the date of first use printed on the registration certificate, i.e., January 1, 1976.

58. Plaintiff commenced use of the VINCE'S registered mark prior to the date upon which Defendants began offering food services under the name "Vince's Pizza n Pub."

59. On information and belief, Defendants had actual knowledge of Plaintiff's ownership and use of the VINCE'S registered mark prior to Defendants' adoption and use of the confusingly similar name "Vince's Pizza n Pub" in connection with the promotion and sale of food services.

60. Defendants caused the infringing use of the VINCE'S registered mark in interstate commerce, at least, through their promotion of food services under the name "Vince's Pizza n Pub" via their website and on social media which reach consumers throughout the United States.

61. Plaintiff has not consented, permitted, licensed, or authorized Defendants to use the VINCE'S registered mark, and Defendants' unauthorized use of the VINCE'S registered mark has resulted in Defendants unfairly and unlawfully benefitting from Plaintiff's goodwill.

62. Defendants' unauthorized use and promotion of the VINCE'S registered mark is likely and will likely continue to cause confusion, mistake, or deception on the part of consumers about the source, nature, and quality of the food services Defendants are offering, constituting trademark infringement in violation of 15 U.S.C. § 1114.

63. Several instances of actual confusion have already been documented.

64. Defendants have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's goodwill and business reputation.

## COUNT II

### UNFAIR COMPETITION BY FALSE DESIGNATION OF ORIGIN BY TRADE NAME AND SERVICE MARK INFRINGEMENT UNDER 15 U.S.C §1125(a)(1)(A) – ALL DEFENDANTS

65. Plaintiff incorporates by reference the previous paragraphs of this complaint as if fully set forth herein.

66. The VDC MARKS are owned by Plaintiff and are valid and legally enforceable in association with food services in the geographic region known as the Lehigh Valley.

67. At all relevant times, through Plaintiff's exclusive and extensive use, the VDC MARKS have acquired secondary meaning because the name is interpreted by the consuming public not only as an identification of the services, but also as a representation of the origin of those services.

68. Plaintiff has extensively advertised the relevant services using the VDC MARKS in publications distributed throughout the Lehigh Valley region of Pennsylvania and New Jersey and on the internet through its website and social media.

69. At all relevant times, Plaintiff has continuously used the VDC MARKS in interstate commerce by advertising on the internet and in printed media circulated throughout eastern Pennsylvania and western New Jersey and by rendering services under the mark in Pennsylvania and New Jersey.

70. Plaintiff has been the owner and exclusive user of the VDC MARKS for food services in the Lehigh Valley since at least 1957 and is therefore the senior user of the VDC MARKS.

71. At all relevant times, Defendants have been aware that Plaintiff has been providing food services within the Lehigh Valley marketplace of Pennsylvania and New Jersey for decades before Defendants entered the same marketplace.

72. On information and belief, Defendants copied Plaintiff's business name when they chose a confusingly similar name for its business, offering the same services as Plaintiff, in the same geographic area.

73. Defendants' use of the name "Vince's Pizza n Pub" to provide the very similar services in the same geographic area as Plaintiff's services, has caused actual consumer confusion and is likely to create ongoing confusion regarding the origin of the services.

74. On information and belief, Defendants use the name "Vince's Pizza n Pub" with the deliberate intent of diverting business from Plaintiff and capitalizing and trading on the good will and reputation developed by Plaintiff over many years.

75. Defendants' use of the name "Vince's Pizza n Pub" has caused, and will continue to cause, consumers of food services in the Lehigh Valley to erroneously believe that Defendants' services are being provided by, endorsed by or associated with Plaintiff.

76. Defendants are committing the acts complained of above, and have continued to do so, in defiance of Plaintiff's requests that they cease such acts, and in spite of reasonable offers to reach an amicable resolution.

77. Defendants, after due notice, have displayed a willful and wanton course of conduct toward appropriation and destruction of Plaintiff's rights in the VDC MARKS.

78. Defendants' wrongful acts and conduct as alleged herein have permitted and will continue to permit Defendants to generate substantial sales and profits on the strength of Plaintiff's substantial advertising, sales, customer recognition and goodwill in connection with the VDC MARKS.

79. Defendants' acts and conduct constitute unfair competition that has caused, and unless restrained and enjoined by this court, will continue to cause, irreparable harm, damage and injury to Plaintiff's good will and business reputation.

## COUNT III

## UNFAIR COMPETITION BY FALSE ADVERTISING AND SERVICE MARK INFRINGEMENT UNDER 15 U.S.C §1125(a)(1)(B) - ALL DEFENDANTS

80. Plaintiff incorporates by reference the facts and allegations in the previous paragraphs of this complaint as if fully set forth herein.

81. The Defendants' use of the service mark "Vince's Pizza n Pub" to promote and provide food services in the Lehigh Valley is confusingly similar to Plaintiff's senior VDC MARKS and is therefore a false and misleading statement as to the source of the services. The misleading statements constitute actual deception and a tendency to deceive a substantial portion of consumers of the relevant services. The deception is material because it is likely to influence purchasing decisions made by those consumers. The misleading advertised services travel in interstate commerce via the internet, through the Defendants' own website and social media. There is a likelihood of injury to the Plaintiff in terms of declining sales and loss of goodwill as a result of the false and misleading advertising.

82. Defendants' advertising of food services under the name "Vince's Pizza n Pub" is a misleading statement because the name is confusingly similar to the VDC MARKS and the

services offered under "Vince's Pizza n Pub" are in no way connected to, endorsed by or provided by Plaintiff.

83. Defendants' advertising of food services under the name "Vince's Pizza n Pub" misrepresents the nature, characteristics and quality of the services because the services are in no way connected to, endorsed by or provided by Plaintiff.

84. The similarity of the VDC MARKS to "Vince's Pizza n Pub," used to advertise the same services in the same geographic area will have a tendency to deceive a substantial portion of the intended audience because of the similarity of the marks, the similarity of the services and similar channels of trade.

85. The deception is material because local advertising influences the purchasing decisions made by consumers of food services in the Lehigh Valley.

86. On information and belief, evidence of actual deception has arisen in the form of inquiries received by Plaintiff from customers believing that Plaintiff is affiliated with Defendants' services.

87. The advertised services travel in interstate commerce because they are advertised on websites that are available to customers in the Pennsylvania and New Jersey portions of the Lehigh Valley and to visitors to the Lehigh Valley located in other states.

88. On information and belief, Defendants' former restaurant, Pizzetta's, providing food services in the same premises being used to provide the same services under the name "Vince's Pizza n Pub" was ordered to close by health authorities due to unsanitary conditions and insect infestations. On information and belief, a substantial number of local consumers are aware of the health code violations and closure of the Pizzetta's restaurant. This creates a likelihood of injury to the Plaintiff in terms of declining sales and loss of goodwill because customers will

believe that the substandard food services provided by Defendants under their previous business name are connected to, endorsed by, or provided by Plaintiff.

## COUNT IV

## COMMON LAW UNFAIR COMPETITION, PALMING OFF, AND TRADEMARK INFRINGEMENT – ALL DEFENDANTS

89. Plaintiff incorporates by reference the facts and allegations stated in the previous paragraphs of this complaint as though set forth at length herein.

90. The VDC MARKS are owned by Plaintiff and are valid and legally enforceable in association with prepared food service in the Lehigh Valley. Defendants' use of "Vince's Pizza n Pub" to provide the identical services in the same marketplace using the same channels of trade is likely to create confusion with the VDC MARKS regarding the origin of the services.

91. At all relevant times, through Plaintiff's exclusive and extensive use of the VDC MARKS, the VDC MARKS have acquired secondary meaning because the name is interpreted by the consuming public not only as an identification of the services, but also as a representation of the origin of those services.

92. Plaintiff has been the owner and exclusive user of the VDC MARKS for prepared food services in the Lehigh Valley since at least 1957.

93. Defendants' use of the name "Vince's Pizza n Pub" will tend to cause and, on information and belief, has actually caused, the relevant consumers to erroneously believe that Defendants' services are being provided by or associated with Plaintiff.

94. Defendants are intentionally, and with malice aforethought, causing confusion in the Lehigh Valley marketplace as to who is providing food services under the name "Vince's Pizza n Pub".

95. Defendants' actions and conduct as alleged herein constitute palming off of its services as Plaintiff's services offered under Plaintiff's famous VDC MARKS.

96. Defendants' actions and conduct has and is likely to cause consumers of Defendants' services to believe that said services are being provided by or associated with Plaintiff.

97. Such actions and conduct by Defendants constitute unfair competition under the common law of the Commonwealth of Pennsylvania.

98. Defendants' actions and conduct in adopting and using the name "Vince's Pizza n Pub" in the Lehigh Valley constitutes trademark infringement under Pennsylvania common law.

99. Plaintiff has no adequate remedy at law and Plaintiff is being irreparably damaged by Defendants' acts in violation of Pennsylvania common law.

100. Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's good will and business reputation.

## COUNT V

## PERSONAL LIABILITY - DEFENDANTS VINCENT RANDAZZO AND ANTHONY RANDAZZO

101. Plaintiff incorporates by reference the facts and allegations stated in the previous paragraphs of this complaint as though set forth at length herein.

102. On information and belief, Vincent Randazzo and Anthony Randazzo knowingly and significantly participated in committing acts of infringement and unfair competition as set forth above in this complaint.

103. On information and belief, Vincent Randazzo and Anthony Randazzo, as the owners of Defendant Pizzetta Pizza, Inc. and/or as a manager holding controlling interest in said company, participated in the selection of the name "Vince's Pizza n Pub" and otherwise caused

Defendant Pizzetta Pizza, Inc. to infringe and violate Plaintiff's right to utilize the VDC MARKS in the Lehigh Valley marketplace.

104. Vincent Randazzo and Anthony Randazzo have ignored Plaintiff's request to cease and desist Defendant Pizzetta Pizza, Inc.'s infringing and unfair conduct.

105. Vincent Randazzo and Anthony Randazzo are personally liable to Plaintiff for any acts of infringement or unfair competition as this Court may find.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

A. That it is decreed that Plaintiff's rights in the VDC MARKS including the VINCE'S registered mark for food services within the Lehigh Valley Region of eastern Pennsylvania and western New Jersey, are valid and enforceable;

B. That a permanent injunction be issued enjoining Defendants, and/or their officers, directors, partners, agents, servants, employees, attorneys, confederates, affiliates, franchisees, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, from directly or indirectly:

   i. Using the name, term, or mark "VINCE'S" or "VINCENT'S" in association with food services, or any other similar derivation of such a mark which is likely to cause confusion in any manner in connection with the advertising, promotion, sale or rendering food services, within the Pennsylvania counties of Lehigh, Northampton, Monroe, Carbon,

    Schuylkill, Berks, Bucks and Montgomery and the New Jersey counties of Hunterdon and Warren;

  ii. Representing by any means whatsoever that Defendants and their food services are associated in any way with Plaintiff or the VDC marks, including the VINCE'S registered mark;

  iii. Doing any other acts calculated or likely to cause confusion or mistake in the mind of the public or to lead others to believe that Defendants' food services come from or are the services of Plaintiff, or are somehow sponsored by or associated with Plaintiff;

  iv. Otherwise unfairly competing with Plaintiff or misappropriating Plaintiff's reputation and good will; and

  v. Ordering Defendants to deliver up for destruction all products, packaging, labels, wrappers, signs, prints, advertisements, electronic files and other articles bearing the infringing VDC marks including the VINCE'S registered mark.

C. That Plaintiff be awarded such further relief as this Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff The Vince's Development Company, LLC under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

DESIGN IP, A PROFESSIONAL CORPORATION

Dated: July 31, 2023

s/Damon A. Neagle
Damon A. Neagle (PA ID 90738)
Design IP, P.C.
1575 Pond Road, Suite 201
Allentown, PA 18104 USA
Direct:  610.395.8005
Main: 610.395.4900 |
E-mail:  damonneagle@designip.com

*Attorneys for Plaintiff*